IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-62,840-01






EX PARTE JESSE JOE HERNANDEZ








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM DALLAS COUNTY






Per Curiam. 


 


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071, Tex. Code Crim. Proc.

 On July 22, 2002, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Hernandez v. State, No. 74,401 (Tex. Crim. App.
May 26, 2004). 


 In his application, applicant presents five allegations in which he challenges the
validity of his conviction and resulting sentence. In his first two allegations he claims that
he was denied effective assistance of counsel because trial counsel failed to object to the
admission of his written statement and failed to present a consistent trial theory with viable
alternatives to a capital murder conviction and death sentence. The reasons for counsel's
conduct do not appear in the habeas corpus record. Therefore, this cause is remanded to the
trial court so that the habeas corpus record can be supplemented with affidavits or testimony
from trial counsel responding to applicant's first two allegations. Following receipt of this
additional information, the trial court should make findings of fact as to whether counsel
performed deficiently and whether applicant was prejudiced by counsel's actions. Strickland
v. Washington, 466 U.S. 668 (1984). The trial court should also make any further findings
of fact and conclusions of law which it deems relevant and appropriate to the disposition of
this application for habeas corpus relief. 

 This application for habeas corpus relief will be held in abeyance pending the trial
court's compliance with this order. The trial court shall resolve the issues presented within
90 days of the date of this order. (1) A supplemental transcript containing all affidavits and the
trial court's findings of fact and conclusions of law shall be returned to this Court within 120
days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 7TH DAY OF DECEMBER, 2005.


Do Not Publish 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.